IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>   Plaintiff,<br><br>   v.<br><br>SUPERIOR HEALTH, INC. and TINA BELL,<br><br>   Defendants. | Civil Action No. 5:21-cv-02782 |

**PLAINTIFF'S MOTION TO COMPEL POST-JUDGMENT DISCOVERY RESPONSES**

Plaintiff, the Secretary of Labor, files this Motion under Federal Rules of Civil Procedure 26, 33, and 69 to compel Defendants to serve complete responses to Plaintiff's post-judgment discovery requests and produce responsive materials.

The Court entered the parties' Consent Judgment in August 2022. Dkt. 41. Since that time, Defendants have not complied with the Consent Judgment's terms, including the requirement that they pay $293,991.02 in back wages and liquidated damages to the employees affected by their violations of the Fair Labor Standards Act and $66,956 in a civil money penalty. *Id.*, ¶¶ 5–6. To support enforcement, the Secretary issued several post-judgment discovery requests to Defendants. As of the filing of this Motion, Defendants have not provided any response to the post-judgment discovery or indicated any concrete timetable to do so. Because the Secretary has exhausted efforts to secure Defendants' compliance with these discovery requests, he respectfully requests that the Court compel Defendants' responses.

**1.      Background**

The Complaint alleged that Defendants willfully violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). Dkt. 1. Specifically, it alleged that, between at least September 9, 2018 and August 5, 2020, Defendants failed to compensate their caregiving employees who worked over 40 hours in a workweek at one and one-half times their regular rate. *Id.*, ¶ 6. On August 18, 2022, the Court granted the parties' request to enter a Consent Judgment that they negotiated and executed to resolve the Complaint's allegations and claims. Dkt. 41.

The Consent Judgment imposes numerous obligations on Defendants. Among other things, Defendants are required to remit $293,991.02 in back wages and liquidated damages to compensate the employees affected by their violations of the FLSA within 30 days of entry. Dkt. 41, ¶¶ 5, 7. In addition, Defendants: (1) are enjoined and restrained from future FLSA violations (*id.*, ¶¶ 1–4); (2) agreed to pay a civil money penalty to the Secretary of $66,956.00 within 30 days of entry (*id.*, ¶¶ 6–7), and; (3) provide updated identifying information as to those employees (*id.*, ¶ 10). As of the filing of this Motion, Defendants have not complied with these requirements.

In support of enforcement, on November 8, 2022 the Secretary issued 19 requests for production, 20 interrogatories, and 2 deposition subpoenas. These discovery requests seek information on Defendants' historical and present financial circumstances, including as to Defendants' assets, expenses, liabilities, financial accounts, tax information, and financial record-keeping practices. After the initial compliance deadline passed, the Secretary communicated with Defendants several times to allow extensions of time and to inquire when Defendants would respond. Defendants' counsel has represented that Defendants are working on the responses, but to date they have not provided any responses or a firm date for compliance.

On February 16, 2023, the parties appeared before the Court for a discovery conference. The Court granted the Secretary permission to file this Motion.

**2.     Argument**

Parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[,]" and relevant information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Although the scope of discovery must be proportional to the needs of the case, "the scope of discovery remains broad." *Penn Eng'g & Mfg. Corp. v. Peninsula Components, Inc.*, No. 19-cv-513, 2021 WL 1224112, at *2 (E.D. Pa. Apr. 1, 2021).

This broad scope extends to post-judgment discovery. Under Rule 69(a)(2), "a party may use the full panoply of federal discovery measures to obtain discovery [i]n aid of the judgment or execution." *Haiying Xi v. Shengchun Lu*, 804 F. App'x 170, 173 (3d Cir. 2020) (citation and quotations omitted) (alteration in original). The "principal constraint" on this "very broad" discovery scope is that the information sought "'must be calculated to assist in collecting on a judgment.'" *Id*. (citation omitted); *see also ITOCHU Intern., Inc. v. Devon Robotics, LLC*, 303 F.R.D. 229, 232 (E.D. Pa. 2014) (Rule 69 allows the 'judgment creditor . . . freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor'") (citation omitted).

Defendants have failed to object or otherwise respond to the Secretary's post-judgment discovery. Because of this failure to respond, and because the Secretary's efforts to secure compliance has failed, the Secretary respectfully requests that the Court grant the Motion and order Defendants to respond to the Secretary's discovery in full within fifteen days. *See Shelton v. FCS Capital LLC*, No. 2:18-cv-03723, 2020 WL 4196211, at *2–4 (E.D. Pa. July 21, 2020) (where defendants "failed to make objections" within 30 days of receiving post-judgment discovery requests, finding that defendants "waived those objections" and ordering sanctions

following lack of compliance with order compelling production); *Glanton v. Tudor Ins. Co.*, No. 99-cv-2181, 2000 WL 377818, at *1 (E.D. Pa. Mar. 28, 2000) (granting motion to compel discovery in part where party "agreed to produce" documents but ultimately failed to do so); *Acosta v. Care at Home LLC*, No. 3:18-cv-711, 2019 WL 13125755, at *2–3 (D. Conn. July 3, 2019) (granting motion to compel in FLSA action brought by Secretary of Labor).

| | |
|---|---|
| Mailing Address: | Seema Nanda<br>Solicitor of Labor |
| Oscar L. Hampton III<br>Regional Solicitor<br>Office of the Solicitor<br>U.S. Department of Labor<br>1835 Market St.<br>Mailstop SOL/22<br>Philadelphia, PA  19103<br>Telephone No. (215) 861-5136<br>Facsimile No. (215) 861-5162 | Oscar L. Hampton III<br>Regional Solicitor<br><br>Adam F. Welsh<br>Regional Counsel for Wage and Hour<br><br>*/s/ Alejandro A. Herrera*<br>Alejandro A. Herrera<br>Senior Trial Attorney |
| Date: February 16, 2023 | U.S. DEPARTMENT OF LABOR<br>Attorneys for Plaintiff |

## CERTIFICATE OF SERVICE

I hereby certify that, on February 16, 2023 a correct copy of the foregoing Plaintiff's Motion to Compel Post-Judgment Discovery Responses and the accompanying Proposed Order were served with the Clerk of Court by using the CM/ECF system, which will provide notice and an electronic link to this document to the attorneys of record in this case.

*/s/ Alejandro A. Herrera*
Alejandro A. Herrera
Senior Trial Attorney
