**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MARTIN J. WALSH, | : | |
| SECRETARY OF LABOR, | : | |
| UNITED STATES DEPARTMENT OF | : | |
| LABOR, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 5:21-cv-02782 |
| v. | : | |
| | : | |
| SUPERIOR HEALTH, INC. and TINA | : | |
| BELL, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**

Plaintiff, the Secretary of Labor (the "Secretary"), files this memorandum of law in

support of his Motion for Discovery Sanctions under Federal Rule of Civil Procedure 37 against

Defendant Superior Health, Inc. and Defendant Tina Bell. Instead of convening a separate

hearing, the Secretary respectfully requests that the Court adjudicate this Motion and determine

the appropriate relief as part of the civil contempt hearing set for April 5, 2023 (Dkt. 50).

In the more than five months since the Secretary issued his post-judgment discovery

requests, and in defiance of the Court's Order (Dkt. 45), Defendants have yet to produce a single

document. Remarkably, they did not even provide their counsel with documents to review until

this week. Defendants' interrogatory responses are bereft of information, instead relying entirely

on unproduced documents. None of this behavior is new; it is instead another example of

Defendants flouting the Court's orders and otherwise delaying this action by disregarding their

obligations. *See, e.g.*, Dkt. 25 (granting motion to compel); Dkt. 29 (Secretary's motion for

1

discovery sanctions); Dkt. 50 (granting order to show cause why Defendants should not be found in civil contempt). The Secretary endeavored to avoid motion practice, but to no avail. Accordingly, to redress Defendants' unjustified, dilatory conduct, and their defiance of yet another Court Order, the Secretary respectfully requests that the Court impose the discovery sanction of civil contempt. As a remedy, the Secretary proposes daily coercive monetary sanctions, payable to the Court. In addition, the Secretary respectfully requests that, if Defendants are found in civil contempt, the Court award the Secretary the fees and costs incurred as part of seeking this relief, in an amount to be determined by the Court once Defendants' contempt has ceased.

## 1.    Background

As the Secretary's Motion to Compel Post-Judgment Discovery Responses (Dkt. 44)[1] explains in greater detail, in November 2022 the Secretary issued post-judgment requests for production, interrogatories, and deposition subpoenas to each Defendant under Federal Rule of Civil Procedure 69. *See* Exhibits ("Ex.") 1–6.[2] These requests seek information on Defendants' historical and present financial circumstances, including as to their assets, expenses, liabilities, financial accounts, tax information, and financial record-keeping practices. To proceed efficiently, the Secretary agreed to defer the depositions until Defendants responded to his interrogatories and requests for production. Declaration of Alejandro Herrera ("Herrera Decl."), ¶ 12.

Defendants did not timely respond to this discovery. Herrera Decl., ¶ 12. Thereafter, the Secretary provided multiple extensions of time at Defendants' counsel request. *Id*. On February

---

[1] The Secretary incorporates the background set forth in his Motion to Compel. Dkt. 44 at 1–2.

[2] The exhibits are attached to the Declaration of Alejandro Herrera, which is filed in support of this Motion.

16, 2023, the parties appeared before the Court for a discovery conference. Dkt. 43. After allowing the Secretary to file a Motion to Compel (Dkt. 44), the Court granted the Motion later that day and ordered Defendants to respond to the Secretary's post-judgment discovery requests by March 3, 2023. Dkt. 45.

On March 3 and March 5, 2023, Defendants provided written objections and responses to the Secretary's interrogatories and requests for production. Ex. 7–10. These contain almost no responsive information. Nearly every interrogatory response—none of which were verified—relies entirely on a generalized reference to unproduced documents. Ex. 7 at pp. 3–10; Ex. 8 at pp. 3–10. Instead of producing documents, Defendants responded to each request for production by agreeing to "make reasonably diligent efforts [to] locate, and . . . produce, any responsive documents in [their] possession, custody, and control." Ex. 9 at pp. 3–10; Ex. 10 at pp. 3–8.

The Secretary continued negotiating with Defendants following their failure to comply with the Court's Order. Counsel spoke by phone on March 6, 2023. Herrera Decl., ¶ 13. Defendants' counsel informed the Secretary that Defendants had yet to even provide him with documents to review. *Id*. Counsel stated that he would begin producing information as soon as he received it from Defendants, which he estimated would be later in the week. *Id*. The Secretary notified Defendants' counsel during the call that he intended to file this Motion. *Id*.

As of this filing, Defendants have not supplemented their discovery responses or produced any documents. Herrera Decl., ¶ 14.

## 2.    Argument

"It is well-settled that a court has discretion to issue sanctions for failure to comply with discovery orders." *Ali v. Sims*, 788 F.2d 954, 957 (3d Cir. 1986) (citations omitted). Both through its inherent authority to enforce its orders and under Federal Rule of Civil Procedure 37, the Court has wide discretion to impose sanctions. These sanctions include, *inter alia*, finding the

offending party in contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii). In addition to penalizing the offending party, sanctions are important to "deter those who might be inclined to such conduct in the absence of such deterrent." *Moyer v. Lehigh Univ.*, No. 87-cv-5900, 1988 WL 120750, at *1 (E.D. Pa. Nov. 8, 1988) (citation omitted). Sanctions are also necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Mutual Indus., Inc. v. American Intern. Indus.* No. 11-cv-5007, 2014 WL 1281135, at *5 (E.D. Pa. Mar. 28, 2014) (citation and quotations omitted); *see also Allen Organ Co. v. Galanti Organ Builders, Inc.*, No. 89-cv-7636, 1991 WL 16728, at *5 (E.D. Pa. Feb. 11, 1991) ("Sanctions become meaningless unless they are applied when the circumstances demand them.") (citations and quotations omitted).

The Court should "consider all the circumstances when determining appropriate sanctions, including whether a party's failure to cooperate in discovery was inadvertent or in bad faith." *In re Berks Behavioral Health, LLC*, 511 B.R. 55, 60 (Bankr. E.D. Pa. 2014) (citation omitted). It must ensure that the sanction is "just," and that it is "specifically related to the particular claim which was at issue in the order to provide discovery." *Id*. (citations and quotations omitted). "A persistent failure to honor discovery obligations and related court orders must be viewed as a willful effort to evade and frustrate discovery." *Floyd v. Black Swan Shipping Co., Ltd.,* No. 98-4207, 2002 WL 1676311, at *1 (E.D. Pa. July 18, 2002) (citation and quotations omitted).

A.  Civil Contempt is Necessary to Coerce Compliance

The Court has "inherent power to enforce compliance with [its] lawful orders through civil contempt." *Sec'y, U.S. Dep't of Labor v. Koresko*, 726 F. App'x 127, 132 (3d Cir. 2018) (citation and quotations omitted); *see also* Fed. R. Civ. P. 37(b)(2)(A)(vii). Civil contempt is

4

warranted where the movant shows through clear and convincing evidence: "(1) that a valid order of the court existed; (2) that the defendants had knowledge of the order; and (3) that the defendants disobeyed the order." *Koresko*, 726 F. App'x at 132 (quoting *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009)). Ambiguities are resolved in favor of the party charged with contempt. *Id*. (citation omitted).

A finding of civil contempt is justified here, which the Court can adjudicate during the already scheduled hearing at which Defendants are ordered to show cause why they should not be found in civil contempt for violating the Consent Judgment in this matter. *See* Dkt. 50. The Court was clear in requiring Defendants to provide responsive information and documents by March 3, 2023. Dkt. 44. Despite having knowledge of that order, Defendants disobeyed it. *See supra* at 3.[3] The extent of their disregard for the Court's Order is apparent from their refusal—for the second time in this action—to even provide documents to their counsel prior to the Court's deadline. Herrera Decl., ¶ 13; *see also* Dkt. 29-1 at 3 (Secretary's first motion for discovery sanctions noting that Defendants had "not even provided their counsel with documents to review").

Where, as here, a party fails to "fulfill [its] obligations" under lawful discovery orders "in a timely fashion," monetary sanctions are appropriate to coerce compliance. *General Ins. Co. of*

---

[3] Defendants lodged numerous objections in their responses. *See, e.g.*, Ex. 6 at pp. 1–3; Ex. 8 at pp. 1–3. These objections are improper because of Defendants' untimeliness. *Coregis Ins. Co. v. Baratta & Fenerty, Ltd.*, 187 F.R.D. 528, 529 (E.D. Pa. 1999) ("[W]hen a party fails to serve objections to interrogatories and/or document requests within the time required, in absence of good cause or of an extension of time to do so, they have generally waived the right to raise objections later."); *Shelton v. FCS Capital LLC*, No. 2:18-cv-03723, 2020 WL 4196211, at *2 (E.D. Pa. July 21, 2020) ("While Defendants might have had a basis to object to some of the discovery requests in whole or part, they failed to make those objections in the 30 days that Rules 33 and 34 require. They therefore waived those objections.") (citations omitted). Regardless, Defendants indicated that, notwithstanding their objections, they would be producing responsive documents—but they have not done so.

*America v. Eastern Consol. Utilities, Inc.*, No. 94-cv-4388, 1997 WL 700551, at *3 (E.D. Pa. Oct. 27, 1997); *see also In re Vaso Active Pharm., Inc.*, 514 B.R. 416, 423–26 (Bankr. D. Del. 2014) (adjudicating defendant in civil contempt where he failed to respond timely to post-judgment interrogatories and requests for production and ordering monetary sanction); *Beautyman v. Laurent*, No. 17-cv-5804, 2021 WL 1238717, at *3–4 (E.D. Pa. Apr. 2, 2021) (same). These measures are "designed to compel future compliance with a court order, [and] are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Mayer Brothers Const. Co., Inc. v. Dinsick Equip. Corp.*, No. 11-cv-14, 2013 WL 4434912, at *2 (W.D. Pa. Aug. 16, 2013) (citation and quotations omitted) (alteration in original); *see also General Ins. Co. of America*, 1997 WL 700551, at *1 ("'[C]ivil contempt is remedial in nature, serving to coerce compliance with a court order or to compensate the other party for losses sustained due to noncompliance.'") (quoting *United States v. Pozsgai*, 999 F.2d 719, 735 (3d Cir. 1993)). A "classic example of a coercive fine" in the civil contempt context is "a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order." *Marks & Sokolov, LLC v. Mireskandari*, No. 13-cv-3152, 2015 WL 4557271, at *5 (E.D. Pa. July 29, 2015) (citation and quotations omitted).

A reasonable initial sanction is a $200 daily fine, payable to the Court, until Defendants comply. *Mayer Brothers Const. Co., Inc.*, 2013 WL 4434912, at *2 (finding party that failed to respond to discovery orders to be in civil contempt and ordering fine of $200 per day); *Marks & Sokolov, LLC*, 2015 WL 4557271, at *5 (imposing civil contempt fine of $250 per day until defendant complied with discovery order).

B.  The Secretary is Entitled to Attorney Costs and Fees

Rule 37 permits the Court to award attorney's costs and fees. Under Rule 37(b)(2)(C), "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Substantial justification exists where there is a "genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]." *Atwell v. SPX Cooling Technologies, Inc.*, No. 1:10-cv-1271, 2011 WL 2194057, at *2 (M.D. Pa., June 6, 2011) (citation and quotations omitted) (alteration in original).

Defendants' failure to produce documents is not substantially justified, nor are the circumstances here such that an award would be unjust.[4] Defendants have been aware for months of their obligation to gather and produce responsive information, but they have not done so. There is no justification, let alone a substantial one, for Defendants' failure. An award of fees is justified. *See In re Berks Behavioral Health*, 511 B.R. at 60–61 (awarding Rule 37 fees where party "simply neglected to conduct a proper review of the documents in the first instance"); *Mutual Indust., Inc.*, 2014 WL 1281135, at *5 (awarding fees where party's "failure to comply" with a court order led to motion for sanctions); *Stoss v. A & S Collection Assoc., Inc.*, No. 3:09-cv-1635, 2011 WL 720190, at *1 (M.D. Pa. Feb. 22, 2011) (awarding attorneys' fees and expenses where defendant failed to appear for post-judgment deposition).

The Secretary estimates that his counsel has spent approximately seven hours to address Defendants' discovery deficiencies, including the preparation and filing of this Motion. Because

---

[4] The Secretary is not requesting that Defendants' counsel pay any costs or fees—only Defendants themselves.

additional work will be necessary to determine if Defendants have purged their contempt, the Secretary respectfully requests that the Court enter an order requiring Defendants to compensate the Secretary's fees and costs, in an amount to be determined by the Court after Defendants' contempt has ceased. The Court can use the framework set forth in prior cases to determine the reasonableness of the rates used and the hours worked. *See, e.g.*, *Minehan v. McDowell*, No. 21-cv-5314, 2023 WL 199276, at *4 (E.D. Pa. Jan. 17, 2023).

C.  Additional Sanctions Are Appropriate if Defendants Do Not Cure Their Contempt

More severe sanctions may be necessary if Defendants persist in withholding responsive information. Given the months-long delay, the Secretary respectfully requests that the Court set a period of no more than seven (7) days after a finding of civil contempt for Defendants to comply. Should they fail to do so, the Secretary will seek additional sanctions. *See, e.g.*, *Laurent*, 2021 WL 1238717, at *3 ("If Laurent has not responded to Beautyman's Interrogatories by Friday October 1, 2021, Beautyman shall submit a status report to the Court and may petition for an extension or increase of the $100 daily fine or may ask the Court to issue a warrant for Laurent's arrest.").

Respectfully submitted,

Mailing Address:

Oscar L. Hampton III
Regional Solicitor
Office of the Solicitor
U.S. Department of Labor
1835 Market St.
Mailstop SOL/22
Philadelphia, PA 19103
Telephone No. (215) 861-5136
Facsimile No. (215) 861-5162

Date: March 10, 2023

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Adam F. Welsh
Regional Counsel for Wage and Hour

*/s/ Alejandro A. Herrera*
Alejandro A. Herrera
Senior Trial Attorney

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff