UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR<br><br>     Plaintiff,<br><br>  v.<br><br>SUPERIOR HEALTH, INC., *et al.*<br><br>     Defendants | CIVIL ACTION<br><br>No. 5:21-cv-02782 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR DISCOVERY SANCTIONS**

  Defendants Superior Health, Inc. and Tina Bell, through counsel, hereby submit their Opposition to Plaintiff's Motion for Discovery Sanctions (Dkt. 51).  Defendants – and their undersigned counsel – recognize and acknowledge Plaintiff's frustration with the slow pace of post-judgment discovery (and satisfaction of the Consent Judgment).  Nevertheless, Plaintiff's effort to obtain post-judgment discovery sanctions is still unnecessary and premature.  The Court's order granting Plaintiff's motion to compel, as well as its contemporaneous order setting a hearing on Plaintiff's Motion for Contempt, has been effective in prompting compliance with Defendants' post-judgment discovery obligations.  To that end:

- Ms. Bell will be serving amended and substantive interrogatory responses by Monday, March 27;

- Superior Health will be serving amended and substantive interrogatory responses by Wednesday, March 29;

1

- Both Defendants will continue to update and amend their discovery responses as Ms. Bell locates and identifies additional information responsive to Plaintiff's requests and necessary for Plaintiff to have in connection with the parties' efforts to determine Defendants' ability to satisfy the Consent Judgment;

- Both Defendants also expect – and are currently on track – to make a meaningful document production prior to April 6 hearing (and will continues supplement that production as required by the Federal Rules of Civil Procedure); and

- Ms. Bell – individually and as Superior Health's owner and representative – remains available at any time to be deposed in furtherance of Plaintiff's efforts with regard to post-judgment discovery and the Consent Judgment.

These commitments are not made to bury or look past the slow pace of Defendants' responses to Plaintiff's discovery requests to date. The past cannot be ignored. But neither can the present. In considering Plaintiff's motion – which seeks the extraordinary remedy of sanctions – the Court should must consider that Defendants are now taking significant steps to comply with their discovery (and other) obligations and intend to continue to do so until Plaintiff has all of the information and documents needed in connection with its post-judgment efforts. The primary purpose of monetary discovery sanctions is "deterrence" and "compliance," *Butt v. Phil. Housing Auth.*, No. 18-4770, 2021 U.S. Dist. LEXIS 175137, at *10-11 (E.D. Pa. Sept. 15, 2021), and that purpose is not served where, as here, Defendants are now on track to comply fully with their discovery obligations.

Plaintiff's request for general monetary sanctions is also misplaced because it is counterproductive to the parties' mutual goal of obtaining satisfaction of the Consent Judgment. As Plaintiff is certainly aware from the long history of this matter – including Plaintiff's direct

dealings with Ms. Bell during the administrative investigation process before she was represented by counsel – Ms. Bell has limited income and assets. This will also be clear from the discovery that Defendants will be providing to Plaintiff. Here, every dollar that Ms. Bell is required to pay in sanctions is one less dollar that is available to satisfy her payment commitment under the Consent Judgment. Thus, for this additional reason, the Court should refrain from – or, at a minimum defer – awarding any monetary sanctions pending Defendants' current promised efforts to comply with their discovery obligations.

The Court should also deny Plaintiff's further request to award attorney's fees and costs. Fees and costs should not be awarded where they would be "unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Ms. Bell's financial situation necessarily makes any financial penalty unjust. As Ms. Bell will testify, there are also other circumstances that make a fees or costs award unjust. Separate from this litigation – and beyond her finances – Ms. Bell is going through an extremely difficult period in her life. The business that she built and owned has fallen apart. She is in the middle of a complicated divorce. With that backdrop, a reasonable amount of leniency is both necessary and appropriate. *Cf.* 7 Moore's Federal Practice § 37.41 (stating that sanctions must consider the "relative culpability of the mental state that accompanied the violation").

Lastly, to the extent that Plaintiff seeks a finding of civil contempt against Defendants, that request is premature prior to the upcoming April 6 hearing on Plaintiff's separate contempt motion. In the context of a party's request for civil contempt, "[d]ue process generally requires" that the adverse party receive "an opportunity granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case." *Roe v. Operation Rescue*, 920 F.2d 213, 217 (3d Cir. 1990). *See also*, *e.g.*, *Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1127 (3d Cir. 1990) ("Due


process requires that a potential contemnor be given notice and a hearing regardless of whether the contempt is civil or criminal in nature.").

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion for sanctions, or, at a minimum, defer ruling on the motion until after the April 6, 2023 hearing.

DATED:  March 24, 2023                                   Respectfully submitted,

/s/ Frederick G. Sandstrom
Frederick G. Sandstrom, Esq.
BLANK ROME LLP
130 N. 18th St.
Philadelphia, PA  19103
(215) 569-5679
Sandstrom@blankrome.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing Opposition to Plaintiff's Motion for Discovery Sanctions to be filed with the Court's ECF system and thereby served upon Plaintiff's counsel of record on March 24, 2023.

                                              /s/ Frederick G. Sandstrom