**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JULIE SU, ACTING SECRETARY OF LABOR,[1] UNITED STATES DEPARTMENT OF LABOR, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 5:21-cv-02782 |
| SUPERIOR HEALTH, INC. and TINA BELL, | : : : | |
| Defendants. | : : : : | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS**

The Secretary sympathizes with Ms. Bell's difficult personal circumstances. However, the Secretary respectfully submits that they have limited to no relevance to adjudicating civil contempt. Defendants do not attempt to argue compliance with the Court's orders, as that position is unsustainable. Their fallback position—based on Ms. Bell's "financial situation"[2] and "other circumstances"—is equally unavailing.

Whether part of a mandatory Rule 37 award, or through contempt, indigence does not limit the Court's power to award compensatory costs and fees. "[S]everal courts have expressed their agreement with the proposition that a party's indigency is irrelevant to an award of expenses under Rule 37." *Toner v. Wilson*, 102 F.R.D. 275, 276 (M.D. Pa. 1984) (citing

---

[1] Ms. Su is hereby substituted as Plaintiff in this matter. Fed. R. Civ. P. 25(d).

[2] Defendants are wrong to assert that the Secretary is "certainly aware" of Ms. Bell's alleged "limited income and assets." To the contrary, Defendants failed to disclose their financial circumstances both prior to litigation and after entry of the Consent Judgment, notwithstanding their claimed intent to do so.

sources); *see also U.S. v. Work Wear Corp.*, 602 F.2d 110, 116 (6th Cir. 1979) ("[M]ere financial hardship is no excuse for failure to comply with a lawful court order.") (citation omitted). Defendants are incorrect to claim that their allegedly "indigent status" would "make it unjust to impose a sanction of fees," as that argument "is clearly juxtaposed to the established law." *Jumpp v. Jerkins*, No. 08-cv-6268, 2011 WL 5325616, at *3 (D.N.J. Nov. 3, 2011). The justification for this principle is well-founded. As the *Jumpp* court explained:

> To accept indigence as a reason for not applying a Rule 37 sanction of attorney's fees would undermine the purpose of the rule. Rule 37 sanctions are penalties for violating the discovery rules, and such penalties are meant to deter future conduct and compensate for the collateral damage that, by a party's actions, is levied on a party that must move to enforce the rule. The failure to sanction indigent [parties] can only result in incentivizing abuse of the discovery system because they can impose costs upon their opponents without fear of recompense.

*Id*. at *4 (citation omitted). Even if Defendants establish indigence, and even if that indigence were relevant, it is improper for Defendants to leverage their violation of one Court Order (the Consent Judgment) to advocate for lesser sanctions after violating another (the Court's order compelling production). *See Capital One Financial Corp. v. Sykes*, No. 3:209-cv-763, 2021 WL 2903241, at *15 (E.D. Va. July 9, 2021) (a party's "'self-inflicted' harm is not enough to tip the equities in their favor") (citing *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 596 (3d Cir. 2002)).

Inasmuch as Defendants intend to otherwise rely on hardship to avoid contempt, that too should fail. "If hardship incidental to being held in civil contempt qualified as an extraordinary circumstance, it is hard to imagine how a court could coerce compliance with its own orders—especially against someone as steadfastly unwilling to comply as" Defendants. *S.E.C. v. Bilzerian*, 729 F. Supp. 2d 9, 18 (D.D.C. 2010). The Secretary takes particular issue with Ms. Bell's decision to plead for leniency because "[t]he business she built and owned has fallen

apart." After all, the premise of this FLSA enforcement action is that Ms. Bell and Superior Health unlawfully deprived their employees of hundreds of thousands in compensation they earned. *See* Dkt. 1. The victims here are the employees, and Defendants are not entitled to leniency if the collateral consequences of their conduct negatively affected them as well. *See Donovan v. Sovereign Sec., Ltd.*, 726 F.2d 55, 58 (2d Cir. 1984) (the purpose of relief under the FLSA is to "make whole employees who have unlawfully been deprived of wages and to eliminate the competitive advantage enjoyed by employers who have illegally underpaid their workers").

Finally, the Secretary disagrees with Defendants' claim that discovery sanctions are "unnecessary and premature." To the contrary, as Defendants acknowledge, it seems that nothing short of civil contempt will motivate them to comply. This is the third civil contempt motion the Secretary has been forced to file. Defendants narrowly avoided civil contempt in the past by finalizing the Consent Judgment on the eve of a contempt hearing. And, as they admit, Defendants did not even begin transmitting documents (allegedly) to their counsel until after the deadline set in the Court's order compelling production. Even now, they claim to be "on track to comply fully" but intend to make only a "meaningful document production" in the near future, which falls well short of what the Court ordered. Unless and until Defendants come into full compliance, there is no basis to give Defendants the benefit of the doubt and certainly no reason to give them leeway to delay this action even further. Civil contempt should issue without delay. If Defendants are sincere in their assurances, they should be able to purge that contempt in short order to minimize the hardship. *See, e.g.*, *G.K. v. D.M.*, No. 21-cv-2242, 2023 WL 2316213, at *8 (E.D. La. Jan. 25, 2023) ("Although the daily fine recommended may impose a financial

hardship on Defendant, it is a sanction that can be quickly and inexpensively purged if he fulfills

his discovery obligations.")

Respectfully submitted,

Mailing Address:

Oscar L. Hampton III
Regional Solicitor
Office of the Solicitor
U.S. Department of Labor
1835 Market St.
Mailstop SOL/22
Philadelphia, PA 19103
Telephone No. (215) 861-5136
Facsimile No. (215) 861-5162

Date: March 28, 2023

Seema Nanda
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Adam F. Welsh
Regional Counsel for Wage and Hour

*/s/ Alejandro A. Herrera*
Alejandro A. Herrera
Senior Trial Attorney

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 28, 2023, a correct copy of the foregoing Plaintiff's Reply in Support of Plaintiff's Motion for Discovery Sanctions served with the Clerk of Court by using the CM/ECF system, which will provide notice and an electronic link to these documents to the attorneys of record in this case.


/s/ Alejandro A. Herrera
Alejandro A. Herrera
Senior Trial Attorney